UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA DUBON,<br><br>      Plaintiff,<br><br>  v.<br><br><br>HBSC BANK NEVADA, N.A.; ESKANOS & ADLER; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; and DOES I to X,<br><br>      Defendants. | No. 05-2799 SC<br><br>ORDER RE: PLAINTIFF'S<br><u>MOTION TO REMAND</u> |

## I. **INTRODUCTION**

Plaintiff Ana Dubon ("Plaintiff") filed this action in San Mateo County Superior Court on May 31, 2005. On July 5, 2005, Defendant Trans Union LLC ("Trans Union") removed the action to this Court. Plaintiff now moves for remand to state court and for costs and expenses incurred in bringing the motion. For the reasons contained herein, this Court hereby GRANTS Plaintiff's motion and REMANDS the matter to San Mateo County Superior Court. Plaintiff's motion for costs and expenses is DENIED.

//

//

**II. BACKGROUND**

Plaintiff Ana Dubon filed this action on May 31, 2005, seeking damages from four Defendants as a result of their attempts to collect on a consumer credit card debt incurred by Plaintiff in May and June of 2004. Complaint ¶¶ 11-16. Plaintiff's claims are based upon the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.;* the Fair Credit Reporting Act, 15 U.S.C. §1681 a-x; and several state law causes of action. Complaint ¶¶ 16-37.

Defendant Trans Union received a summons and copy of the complaint on June 27, 2005. Notice of Removal ¶2. Defendant HSBC Bank Nevada ("HSBC") was served with the complaint on June 30, 2005. Id. ¶3. Defendant Eskanos & Adler ("Eskanos & Adler") was served with the complaint on June 6, 2005, and Defendant Experian Information Solutions ("Experian") received a copy of the complaint on June 24, 2005. Id. ¶¶4-5. On July 8, 2005, Trans Union removed the action to Federal Court pursuant to 28 U.S.C. § 1441(b). Significantly, Trans Union was joined in its removal of the case by only one Defendant, Experian, who filed a notice with the Court evidencing its consent to removal. See Notice of Removal, Exhibit C. As for the remaining defendants, Trans Union's Notice of Removal stated merely that "[they] have...indicated they will not oppose the removal of this action." Notice of Removal ¶9.

The parties agree that this action is one over which this Court would properly have federal question jurisdiction, because Plaintiff's first and second causes of action arise under federal laws. See Notice of Removal ¶8; Plaintiff's Memorandum in Support

of Motion to Remand, at 4 n.1 ("Pl. Mem."). The parties dispute, however, whether Trans Union's Notice of Removal was procedurally defective, and therefore inadequate to properly remove this action to Federal Court. That dispute is the focus of the instant motion.

### III. LEGAL STANDARD

Suits filed in state court may be removed to Federal Court where the Federal Court would have had original jurisdiction over the action in the first instance. 28 U.S.C. § 1441(a). Federal Courts have original jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A party seeking to remove a case to Federal Court must do so within 30 days from the date on which he is served with a copy of the complaint. 28 U.S.C § 1446(b).

In a multi-defendant case, all defendants must join in the removal petition or otherwise consent to removal. Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337 (1900); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). Although each defendant is not required to sign the removal notice, they must express their consent to removal to the court in order to achieve complete unanimity of defendants. See Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988). The removal statute is strictly construed against removal, see Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), and defects in removal may only be cured within the 30-day period. See Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999).

3

## IV. **DISCUSSION**

Because the parties agree that Plaintiff's complaint states at least one claim for relief that arises under federal law, Plaintiff has focused her motion to remand on several procedural defects she claims render Trans Union's notice of removal ineffective. First, Plaintiff argues that the removal notice was defective because it failed to comport with the rule requiring unanimity of defendants. Pl. Mem. at 3-5. Second, Plaintiff argues that the removal notice was invalid because it was filed more than 30 days after one of the Defendants was served with the complaint. Id. at 5-6. Finally, Plaintiff asserts that Defendant Eskanos & Adler waived its ability to properly consent to removal when it answered the complaint in state court. Id. at 6. Because it is clear to this Court that Trans Union's notice of removal did not comport with the rule requiring unanimity of defendants, consideration of Plaintiff's second and third bases for remand in unnecessary, and the Court will instead focus the following discussion on Plaintiff's argument advocating remand for lack of unanimity.

    A.   Unanimity of Defendants

In over a century of litigation that has occurred since the Supreme Court decided in Chicago R.I. & P. Ry. Co. v. Martin that all defendants must join in or consent to the removal of a case from state to federal court, no court has seriously questioned the continuing validity or applicability of the rule. 178 U.S. 245 (1900). Thus, the issue before this Court for purposes of the instant motion is to determine what constitutes proper evidence of

consent to removal of an action to Federal Court.

Trans Union adopts a two-tiered argument on this point. First, Trans Union argues that the Ninth Circuit has not specifically ruled on the precise form a co-defendant's consent to removal should assume. See Defendant's Memorandum in Support of Opposition to Motion to Remand at 9-10 ("Def. Mem."). Trans Union asserts that its notice of removal should therefore be found to have complied with the unanimity requirement because it attested to the consent or non-opposition to removal by all defendants. Id. In the alternative, Trans Union argues that even if the declaration of its attorney with respect to his understanding of the co-defendants' positions on removal was insufficient to properly demonstrate unanimity of defendants, this shortcoming was ministerial in nature and was therefore cured when, on August 10 and 11, 2005, Trans Union received written consent to removal from Defendants HSBC and Eskanos, respectively. Id.

As for Trans Union's first argument on this point, it is true that the Ninth Circuit has not yet addressed the question of the precise form a co-defendant's consent to join in removal must assume. However, while courts in this and other jurisdictions differ on the question of what constitutes evidence of consent, all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves. See Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) (finding that a notice of removal stating that "[a]ll other defendants...have stated that they do not object to the removal" was "deficient"); Getty Oil, a Div. of Texaco, Inc. v. Insurance Co. of North

1  America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)("there must be
2  some timely filed written indication from each served
3  defendant...that it has actually consented to such action.");
4  Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 991 (D. Nev.
5  2005) ("the rule...is that all defendants who are properly joined
6  and served in the action must join in the removal or consent to it
7  in writing..."); Anne Arundel County, Md. v. United Pacific
8  Insurance Co., 905 F. Supp. 277, 278 (D. Md. 1995) (statement by
9  one defendant that the other defendant "does not object to
10 [removal]" was insufficient to satisfy § 1446); Ford v. New United
11 Motors Manufacturing, Inc., 857 F. Supp. 707, 708 n.3 (N.D. Cal.
12 1994); Ogletree v. Barnes, 851 F. Supp. 184, 187-89 (E.D. Pa.
13 1994); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 461
14 (E.D. Mich. 1990); see also Saeilo Machinery Inc. v. Hirdes
15 Freight, Ltd., No. C-00-00777 2000 WL 1205338 at *1-2 (C.D. Cal.
16 Mar. 8. 2000).

17     In this case, Trans Union procured timely written consent to
18 removal from Defendant Experian, but for reasons unknown to this
19 Court did not succeed in obtaining similar consent from the
20 remaining two defendants.  Those defendants did not express their
21 consent to removal directly to the court via oral or written
22 communication, and did not grant Trans Union's attorney the
23 authority to speak on their behalf with respect to this issue.
24 Cf. Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d. 182,
25 185 (D.R.I. 2002).  Accordingly, this Court finds that Trans
26 Union's removal notice was procedurally defective because it
27 failed to secure unanimity of all defendants.  See Emrich v.

6

Touche Ross & Co., 846 F.2d 1190, 1192 n.2 (9th Cir. 1988). The Court will now address Trans Union's argument that affidavits submitted after the 30-day window by Defendants HSBC and Eskanos & Adler cured the procedural defect in the original notice of removal.

In support of the proposition that § 1446 allows a party to cure ministerial defects in removal notices after the 30-day window, Defendant relies entirely on an unpublished order in the case of Innovacom, Inc. v. Haynes, where the court granted plaintiff's motion to remand on the grounds that the notice of removal was untimely filed. No. C-98-0068, 1998 WL 164933 (N.D. Cal. Mar. 17, 1998). After ruling that the action would be remanded because defendants had not filed their removal notice within the 30-day window, the court in Innovacom briefly addressed the plaintiff's alternative argument that the defendant had failed to properly establish unanimity of all defendants. Id. at *2. Again finding for the plaintiff, the court ruled that affidavits by co-defendants purporting to join in removing the action but submitted after the removal notice was filed were insufficient to establish unanimity, because one defendant's affidavit did not unambiguously establish their consent to removal. Id. This decision, Trans Union argues, establishes a party's right to cure a mere ministerial defect in its notice of removal, because if no such right existed, the court in Innovacom would have had no reason to consider whether the later-submitted affidavits were effective in establishing unanimity among defendants. See Def. Mem. at 10-11.

7

1    The Court finds this argument wholly unpersuasive, and
2    declines to read a "ministerial error" exception into a law that
3    admits of no such exception.  See 28 U.S.C. § 1446(b); Emrich v.
4    Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)(noting
5    exceptions to requirements of § 1446).  As an initial matter, it
6    is not clear that the implications of the Innovacom dicta are as
7    supportive of Trans Union's position as it claims.  For example,
8    the Innovacom court had already determined that it would remand
9    the matter based on the plaintiff's argument that defendant's
10   removal notice was untimely.  Innovacom, 1998 WL 164933 at *1-2.
11   Furthermore, it is not clear from the order whether the
12   affidavits, though filed subsequent to the notice of removal,
13   might nonetheless have been filed within 30 days from the date on
14   which the last defendant was served.  If this were the case, Trans
15   Union's argument would be completely undermined because the
16   filings would have been timely under the later-served defendant
17   rule, a rule the Innovacom defendants advocated but the court
18   rejected, creating the basis for the court's holding.[1]  Id.
19   In any event, even without engaging in legal gymnastics over what
20   propositions the Innovacom court's decision might possibly support
21   if extrapolated out far enough, the Court is confident in its
22   decision to refrain from recognizing a "ministerial function"
23   exception to the 30-day rule created by § 1446(b).  No case has

---

[1] Trans Union has argued that the later-served defendant rule should apply in this case.  This Court does not find it necessary to address the question, still open in this Circuit, of whether the 30-day window begins to run on the date the first defendant is served with notice of the action, or whether it does not begin to run until all defendants have been served.

8

ever recognized such an exception, and numerous cases counsel that removal jurisdiction should be strictly construed against removal. See, e.g., Prize Frize, Inc., 167 F.3d at 1265; Emrich, 846 F.2d at 1195. More importantly, the drafters of the statute did not see fit to include any such exception in the text of the law. Thus, this Court finds that no such exception exists, and therefore holds that Trans Union's Notice of Removal was procedurally defective. Accordingly, the Court will not address Plaintiff's remaining arguments because the discussion above provides a sufficient basis on which to remand this matter.

    B.    <u>Plaintiff's Motion for Costs and Expenses</u>

Plaintiff has also moved for an award of costs and fees pursuant to 28 U.S.C. § 1447(c). That section provides that an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The court has "wide discretion" in deciding whether to award attorney's fees under this provision. See Moore v. Permanente Med. Group, 981 F.2d 443, 447 (9th Cir. 1992). Although this Court ultimately rejects Trans Union's arguments, the Court declines to grant Plaintiff an award of costs and expenses under § 1447(c) because Defendant did have a colorable basis for removing the action. While Defendant's arguments enjoyed only slim support, they were not totally unfounded, and this Court therefore denies Plaintiff's motion for costs and expenses.

//
//

9

### V.  CONCLUSION

Trans Union, a sophisticated business entity represented by competent counsel, failed to satisfy the procedural requirements imposed by § 1446(b) on litigants removing an action to Federal Court.  Although Trans Union now makes a creative argument in support of its position that it should be allowed to cure any defect in its original removal notice, that position enjoys no support in either the language of the statute or in the entire body of federal case law on this topic.  Furthermore, the fact that Trans Union obtained written consent to removal from one of the three other Defendants demonstrates that it was well aware of the procedural requirements imposed by § 1446(b), yet for reasons unknown was unable to cause the two remaining Defendants to express their consent to removal directly to the Court, the minimum required by all Federal Courts.  Accordingly, the Notice of Removal was defective, and this Court is duty-bound to remand this matter to state court.  For the foregoing reasons, Plaintiff's motion to remand is hereby GRANTED, and this matter is REMANDED to the Superior Court for the County of San Mateo. Plaintiff's motion for costs and expenses is DENIED.

IT IS SO ORDERED.

Dated: September 15, 2005

_____
UNITED STATES DISTRICT JUDGE